**PHILIP L. GREGORY**
(SBN 95217; pgregory@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEED AREA WATER ALLIANCE; DAVE PEARCE; HOLLY HANSARD; AND JOE BERRY, | CASE NO. _____ |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | 1)   **DECLARATORY RELIEF; and** |
| THE CITY OF WEED, ROSEBURG FOREST PRODUCTS COMPANY, INC.; AND RLC INDUSTRIES CO., | 2)   **INJUNCTIVE RELIEF** |
| Defendants. | |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION...................................................................................................... 1

II.     PARTIES .................................................................................................................. 2

        A.      Plaintiffs....................................................................................................... 2

        B.      Defendants ................................................................................................... 4

III.    BACKGROUND FACTS .......................................................................................... 5

        A.      Procedural History........................................................................................ 5

        B.      The Water Lease Agreement and Storm Water Agreement ........................... 7

IV.     JURISDICTION AND VENUE................................................................................. 9

V.      EXHAUSTION OF ADMINISTRATIVE REMEDIES AND
        INADEQUACY OF REMEDY.................................................................................. 9

VI.     STANDING ............................................................................................................. 10

VII.    ARBITRARY AND CAPRICIOUS ACTIONS ..................................................... 10

VIII.   ATTORNEYS' FEES .............................................................................................. 10

IX.     INJUNCTIVE RELIEF........................................................................................... 11

FIRST CLAIM FOR RELIEF
VIOLATIONS OF CEQA........................................................................................................ 11

        A.      The Water Lease Agreement is Not Eligible for Class 1 "Existing Facilities"
                Categorical Exemption from Environmental Review ..................................... 12

        B.      The Storm Water Agreement is Not Eligible for a "Planning Studies"
                Statutory Exemption from Environmental Review ......................................... 13

        C.      Involvement of a Hazardous Waste Site Prevents Use of Categorical
                Exemption...................................................................................................... 14

CLAIM TWO
VIOLATIONS OF THE CLEAN WATER ACT AND THE APA ........................................ 15

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1

**PRAYER FOR RELIEF**................................................................................................... **15**

2

**VERIFICATION**........................................................................................................... **17**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

1    I.      **INTRODUCTION**

2        1.      This is a case about the greed of a City versus its residents.  Defendants the City

3    of Weed, Roseburg Forest Products, and RLC Industries Co. have chosen to endanger residents

4    and the surrounding environment both to benefit from higher income for residential water use

5    and easier disposal of industrial fluids, as well as to enrich two private companies at the expense

6    of the residents of the City.  The City of Weed and the Roseburg Defendants are starting to

7    implement a project to increase the cost of water use and divert water sources from other

8    locations into the City of Weed.  The City of Weed has gone so far as to say that the two project

9    plans are exempt from environmental protection codes as required by CEQA.

10        2.      On <u>April 14, 2016</u>, the City of Weed improperly approved a Water Lease

11    Agreement ("WLA") between the City of Weed and Roseburg Forest Products Company

12    ("Roseburg").  On <u>April 14, 2016</u>, the City of Weed also approved separate CEQA exemptions

13    for the WLA and the Storm Water Agreement ("SWA").  Plaintiffs also challenge the Weed City

14    Council's approval on <u>February 24, 2016</u> of a Memorandum of Agreement between Roseburg

15    and City of Weed pertaining to the WLA and SWA.  Plaintiffs allege the agreements violate the

16    federal Clean Water Act, 33 U.S.C. §1251 *et seq*. (CWA"); the California Environmental Quality

17    Act; Public Resources Code, section 21000 *et seq*.; ("CEQA") and the CEQA Guidelines; and

18    Title 14, California Code of Regulations, section 15000 *et seq*.  Plaintiffs request this Court find

19    Defendants' approval of the WLA is invalid and void.  Additionally, Plaintiffs seek that this

20    Court find that the City of Weed's approvals of CEQA exemptions for both Agreements and a

21    Notice of Exemption for the WLA fail to satisfy the requirements of CEQA and the CEQA

22    Guidelines.

23        3.      Plaintiffs hereby challenge the City of Weed's approval of the WLA and the

24    SWA Projects and the City's blatant exemption of environmental regulations as required by

25    federal and state law.  These individual Plaintiffs and the members of the organizational Plaintiff

26    are committed to taking all possible steps to preserve the unique and precious resources which

27    will be impacted by the WLA and the SWA Projects, including the water sources, wildlife, and

28    environment.  These Plaintiffs are informed and believe the agreements will cause irreparable

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**                                    1

1  harm to precious environmental resources provided by the current wells, including community

2  water sources, world class sport fishing, and critical habitat for several endangered species, and

3  remarkable scenic and aesthetic values.  Moreover, the WLA and the SWA Projects will

4  adversely impact the quality of human life by restricting access to well water and rerouting the

5  residents to other wells that are already in short supply due to drought protections. Plaintiffs

6  allege they have standing to sue and have exhausted any and all administrative remedies prior to

7  filing this Complaint.

8  **II.**     **PARTIES**

9       **A.**     **PLAINTIFFS**

10       4.       Plaintiff **WEED AREA WATER ALLIANCE** ("WAWA") is a nonprofit

11  corporation of citizens formed in <u>2016</u>.  Plaintiffs are concerned about protecting the City's

12  access to spring water, preserving biodiversity, and conserving the integrity of the environment

13  in the Weed area.  Plaintiffs are involved in efforts to protect the resources of the City by

14  preserving water quality, protecting wildlife and its habitat, and ensuring public safety.  The

15  WAWA is composed of citizens whose economic, health, safety, and property interests will be

16  severely injured if the approvals of the WLA and the Notices of Exemption are not set aside

17  pending full compliance with CEQA and all other federal and state environmental laws.

18  WAWA's members utilize and enjoy the City's and State's natural resources and are beneficially

19  interested in, and aggrieved by, the acts of Defendants as alleged herein.  As such, WAWA is a

20  "person" under CWA Section 502(5), 33 U.S.C. Section 1362(5) ("an individual, corporation,

21  partnership, association, State, municipality, commission, or political subdivision of a State, or

22  any interstate body"). In addition, WAWA is a "citizen" under CWA section 505(g), 33 U.S.C.

23  section 1365(g) ("a person or persons having an interest which is or may be adversely

24  affected")Members of the WAWA participated in the administrative processes herein, and

25  exhausted their remedies.  WAWA and its members reliance on the environment shows they

26  have a substantial interest in ensuring that Defendants comply with the federal and state laws

27  relating to environmental protection, particularly CEQA.  WAWA and the environment are

28  adversely distressed by Defendants' failure to prepare adequate environmental review for the

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**                    2

1  WLA and the SWA Projects.  WAWA's interest in ensuring adequate and lawful environmental

2  protections in the Weed geographic area shows they are within the class of persons beneficially

3  interested in, and aggrieved by, the wrongful actions and omissions of Defendants.

4  　　　　5.　　　Plaintiff **DAVE PEARCE** ("Pearce") has been a resident of the City of Weed for

5  fifty years. Pearce formerly a Weed City Councilman. He has attended all of the hearings

6  concerning the WLA and the SWA Projects and has consistently spoken against the WLA and

7  the SWA Projects. Pearce also actively participated in the administrative proceedings challenged

8  in this Complaint. Pearce owns real property in the City of Weed, and therefore has direct and

9  indirect economic interest in maintaining and improving the quality of life and beneficial use of

10  his real property.  Pearce and members of the general public are likely to be exposed to certain

11  risks to their health, safety, and welfare as a direct and proximate result of Defendants' actions.

12  Pearce's exposure to economic and health risks shows he is within the class of persons

13  beneficially interested in, and aggrieved by, the wrongful actions and omissions of Defendants.

14  Pearce's interests have been, are being, and, unless the relief requested herein is granted, will

15  continue to be harmed by Defendants' violation of the CWA. CWA enforcement will help

16  restore and preserve water quality, directly benefitting the ecosystems that Pearce has spent his

17  career trying to protect and restore.

18  　　　　6.　　　Plaintiff **HOLLY HANSARD** ("Hansard") resides at 334 East Lake Street,

19  Weed, CA 96094.  She lives in Angel Valley located in the northern part of Weed, where the

20  well water quality is of subpar quality.  Hansard also owns real property at 211 Pine Street,

21  Weed, CA 96094 and still accesses City water from that site.  Hansard has spoken at most of the

22  Weed City Council meetings in 2016 on the WLA and the SWA Projects and participated in the

23  administrative proceedings challenged in this Complaint.  Hansard has resided in the City of

24  Weed for over 30 years, where she still owns property, and therefore has direct and indirect

25  economic interest in maintaining and improving the quality of life and beneficial use of her real

26  property.  Hansard, as well as other members of the general public, are likely to be exposed to

27  certain risks to his health, safety, and welfare as a direct and proximate result of Defendants'

28  actions and omissions.  Hansard's residence in Weed and tragic loss of her home due to a

LAW OFFICES
CotCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**　　　　　　3

1    wildfire shows she is within the class of persons beneficially interested in, and aggrieved by, the

2    wrongful actions and omissions of Defendants.

3            7.      Plaintiff **JOE K. BERRY** ("Berry") resides at 765 Como Street, Weed, CA

4    96094 and has been a resident in Weed for thirty years.  Berry has attended all but one of the

5    City Council meetings on WLA and the SWA Projects and actively participated in the

6    administrative proceedings challenged in this Complaint.  Berry resides and owns real property

7    in the City of Weed, and therefore has direct and indirect economic interest in maintaining and

8    improving the quality of life and beneficial use of his real property.  Berry, as well as other

9    members of the general public, are likely to be exposed to certain risks to his health, safety, and

10   welfare as a direct and proximate result of Defendants' actions and omissions.  Berry's long term

11   residence in Weeds shows he is within the class of persons beneficially interested in, and

12   aggrieved by, the wrongful actions and omissions of Defendants.

13           **B.    DEFENDANTS**

14           8.      Defendant **CITY OF WEED** is a political subdivision of the State of California

15   and a body corporate and politic exercising local government power.  The City of Weed is the

16   CEQA "lead agency" for the WLA and the SWA Projects.  As lead agency for the WLA and

17   SWA Projects, the City of Weed is responsible for preparation of an environmental document

18   that describes the WLA and the SWA Projects and its impacts, and, if necessary evaluates

19   mitigation measures and/or alternatives to lessen or avoid any significant environmental impacts.

20           9.      Defendant **ROSEBURG FOREST PRODUCTS** Company ("Roseburg") is a

21   corporation formed pursuant to the laws of the State of Oregon with its principal place of

22   business in Dillard, Oregon.  Roseburg Forest Products Company is a subsidiary of Defendant

23   RLC Industries Co., a holding company for Roseburg Forest Products Co., with its principal

24   place of business in Dillard, Oregon.  Roseburg operates the Weed Veneer Mill facility in Weed,

25   CA that received a Conditional Use Permit allowing biomass cogeneration electrical power plant

26   operations that relies upon water from City of Weed infrastructure.  Roseburg also proposes

27   potential industrial sewage effluent discharge from this Mill into the City of Weed's sewer

28   system as a result of Defendants' approval of the WLA and the SWA Projects.

1    10.    Defendant **RLC INDUSTRIES CO.** is a holding company for its subsidiary,

2    Roseburg.  RLC Industries' principal place of business is in Dillard, Oregon.

3    **III.    BACKGROUND FACTS**

4        **A.    PROCEDURAL HISTORY**

5        11.    For the last five years, the City of Weed and Roseburg have been in confidential

6    negotiations concerning the City's water supply coming from Beaughan Springs.  The City's

7    water supply has been under a fifty-year, one dollar per year fee with Roseburg that ends on June

8    29, 2016, according to a press release from Roseburg.  City officials were unable to reach an

9    agreement with Roseburg during these negotiations.  City officials worry that after June 29, the

10   water supply will be revoked from parts of the city, while other areas only have a limited supply.

11       12.    On February 24, 2016, the City Council of the City of Weed held a special

12   meeting to consider a possible emergency declaration and contingency plans regarding the City

13   of Weed's water supply.  A Memorandum of Agreement between Roseburg and the City of

14   Weed was also considered.  The Council heard public comments concerning Roseburg's offer to

15   extend a water supply lease for $97,500 per year at a reduced flow rate or Roseburg threatened to

16   shut off the City's water supply after June 29, 2016.  Roseburg first provided the City with its

17   final proposed Memorandum of Agreement just three days before this special City Council

18   meeting.  The Memorandum of Agreement states that its terms would be incorporated into a final

19   lease agreement and stormwater containment contract.  That Agreement would reduce the City's

20   water supply from Beaughan Springs from the current 2.0 cubic feet per second (cfs) to 1.5 cfs.

21   It also would require the City to obtain a different water source and new infrastructure by the end

22   of the lease.  City Manager Ron Stock informed the City Council that alternative sources must

23   have a full environmental study prior to making a decision in accordance with California law.

24   The Memorandum of Agreement also deals with municipal water, stormwater flows, Roseburg

25   industrial sewer service, and the requirement that the City relinquish future rights to Beaughan

26   Springs water.  Suzanne Frazior, a member of the audience, commented to the City Council that

27   before making a decision on this Agreement, the City should fully investigate the environmental

28   impacts.  However, the City Council voted to accept the Memorandum of Agreement between

1   Roseburg and the City of Weed by a three to two vote.  The City Council tabled voting on the

2   Declaration of Emergency until the City's Council meeting on March 10, 2016.

3       13.     On March 10, 2016, the City Council of the City of Weed met to consider public

4   comments from residents where over one hundred people were in attendance. One audience

5   member, Jim Gubetta, a former Mayor of the City of Weed, told the Council that the agreements

6   would allow Roseburg to drain its toxic pollutants into Beaughan Creek and the Shasta River.

7   Francis Mangels, a retired USDA scientist with experience in hydrology and watersheds,

8   commented that Roseburg would dump its pollution "if it could get away with it."  The Council

9   had intended to consider approving a second reading of the Memorandum of Agreement between

10  the City and Roseburg as signed by Roseburg in the preceding week.  The City's press release

11  stated the City of Weed would have to immediately begin to develop or acquire a 2 cfs

12  permanent source of water.  City Manager Ron Stock informed the City Council that Weed

13  would, at some later time after the Agreements with Roseburg were signed, have to go through

14  the CEQA review process.  The City Manager also told the Council that the Agreement was a

15  binding contract that they could not alter.  The Weed City Council, however, decided to get legal

16  advice from its attorney about the Agreement's binding nature and about the City's water rights

17  to Beaughan Springs before signing the Memorandum of Agreement.  The Council also

18  approved Resolution No. 05-2016 concerning increased monthly rates for the City's new water

19  system financing.

20      14.     On March 24, 2016, the City Council of the City of Weed held a special meeting

21  to negotiate in closed session with its attorney about the Memorandum of Agreement and

22  Beaughan Springs water rights.  The Council also listened to public comments and objections to

23  the Memorandum of Agreement for nearly an hour.

24      15.     On April 14, 2016, the City Council of the City of Weed met to consider

25  approving a WLA and a SWA related to the Memorandum of Agreement.  The City of Weed's

26  announcement on its website for this meeting stated that the City would begin the CEQA

27  analysis within the next six months.  Representatives of Roseburg conducted a presentation on

28  these Agreements.  Members of the public opposed such approvals.  One speaker commented

COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF                    6

1    that the WLA and the SWA are not exempt from CEQA, and urged the City Council to first

2    conduct environmental review before considering these Agreements.  However, the City Council

3    approved the WLA by a four to one vote, and also approved CEQA exemptions for the WLA and

4    the proposed SWA claiming these agreements are exempt from environmental review.  The City

5    of Weed's March 29, 2016 News Release regarding this April 14, 2016 Council meeting stated

6    the SWA is an effort to comply with the Clean Water Act. The Weed City Council, however,

7    voted three to two against approving the SWA.

8         16.     On May 3, 2016, the City Council of the City of Weed held a special meeting to

9    contemplate whether to reconsider the City's rejection of the SWA of April 14, 2016.  The

10   Council heard public comments opposing both Agreements and calling for environmental review

11   of the consequences of such Agreements.  The Council discussed Roseburg's concern that

12   pursuant to the Memorandum of Agreement, without approval of the SWA, the WLA is not

13   valid.  The City Council, however, decided by a 3 to 2 vote not to reconsider the SWA.  It

14   decided to table such reconsideration until it could further investigate issues presented by the

15   public that involve Roseburg, its EPA Superfund hazardous waste site, and the CEQA restriction

16   against the use of a categorical exemption under that circumstance.

17        17.     On or about May 19, 2016, the City of Weed filed a Notice of Exemption for a

18   Class 1 exemption from environmental review per CEQA Guidelines § 15301 for the City's

19   approval on May 19, 2016 of the WLA and the SWA Projects between the City of Weed and

20   Roseburg.  This Notice of Exemption was posted on a list of such notices on May 19, 2016 at the

21   County Courthouse, potentially beginning the 35-day statute of limitations pursuant to CEQA

22   Guidelines § 15112(c)(2), although the notice was possibly not posted at the County Clerk's

23   office.  This action is filed within that limitation period.

24        **B.     THE WATER LEASE AGREEMENT AND STORM WATER AGREEMENT**

25        18.     This lawsuit seeks to protect the citizens of Weed by requesting that a court order

26   that the City of Weed must prepare required environmental review of its proposed project. In

27   asking the City to prepare the environmental reviews, such an order would resolve the

28   controversy about these Agreements that will lead to a private corporation taking away a

1    municipality's water supply. This legal challenge is in the public's interest to expose the potential

2    nature of the risks to Plaintiffs and to Weed's citizens from the reduction and ultimate

3    termination of its access to municipal water that has been enjoyed for over 100 years.

4    　　　　19.　　The risks associated with the termination of access to municipal water are

5    currently still unknown in regards to Weed residents, Angel Valley residents, and the Carrick

6    Addition placed North of the City of Weed.  Residents have enjoyed the access to water for over

7    100 years, thereby making it difficult to allocate the exact risks from not having access to the

8    water.  There will be environmental harm from creating new wells and water sources which will

9    route water from other locations—water that is already in short supply due to overconsumption

10   and continuing drought reductions in California. Relying on new drilling of wells will impact

11   neighboring wells, Beaughan Springs, and Igerna/ Boles Springs during anticipated continuing

12   drought conditions due to the necessary access to water. When municipal water sources are

13   changed there are possible toxic consequences, which would endanger the health, safety, and

14   well-being of Weed's residents and businesses.

15   　　　　20.　　There are unusual circumstances in this case as Roseburg is operating its business

16   atop a hazardous waste site while seeking a new way to dispose of its industrial sewage effluent

17   and to alter stormwater flows across its property. Roseburg's cogeneration power plant's cooling

18   towers are the source of large quantities of concentrated "blow-down" fluid containing unknown

19   chemicals and biocides, which are potentially harmful for residents. On information and belief,

20   Plaintiffs allege Roseburg is using some potentially dangerous chemical for a rust preventative

21   for its cooling tower water. Onsite cooling tower water disposal may lead to further ground or

22   surface water contamination that was never evaluated in Roseburg's 2008 EIR for its permits for

23   the wood-fired cogeneration power plant and cooling towers.

24   　　　　21.　　Roseburg's mill is located immediately adjacent to the City of Weed. Streams and

25   creeks flow through its property. Downstream water rights users have historically been aware of

26   potential contamination issues related to the Roseburg operations.

27   　　　　22.　　The Project may have significant impacts on water supply and water quality in

28   Beaughan Creek, adversely impacting downstream water users and biological wildlife habitat.

1    23.    The WLA and the SWA Projects may result in exposure of humans and the

2    environment to toxics left behind by current or previous activities on the Roseburg site that is

3    designated as an Environmental Protection Act ("EPA") Superfund Toxic Cleanup Site.

4    **IV.    JURISDICTION AND VENUE**

5    24.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises

6    under the laws of the United States.  Also, this is a civil action under 33 U.S.C. Section 1365, the

7    citizen suit provision of the Federal Water Pollution Control Act (hereinafter referred to as the

8    "Clean Water Act," or ("CWA"), 33 U.S.C. Sections 1251 *et seq*.  This Court may grant

9    declaratory relief, and additional relief, including an injunction, pursuant to 28 U.S.C. §§ 2201

10   and 2202, and 5 U.S.C. §§ 705, 706(1), and 706(2)(A) & (D), as an actual and present

11   controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28

12   U.S.C. § 2201.

13   25.    Venue is proper under 33 U.S.C. section 1365(c)(I) because the unlawful

14   activities at issue occur in the City of Weed, Siskiyou County within the Eastern District of

15   California. Venue is also proper under 28 U.S.C. Section 1391(b) and (e) because a substantial

16   part of the events or omissions giving rise to the claim occurred in the Eastern District of

17   California. Plaintiffs reside and have offices in this judicial district and certain of their

18   organizational members reside within this judicial district.  Defendants reside in this judicial

19   district.

20
     **V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES AND INADEQUACY OF**
21        **REMEDY**

22   26.    Plaintiffs have performed any and all conditions prior to filing the instant action

23   and have exhausted any and all available administrative remedies to the extent required by law.

24   Plaintiffs and other citizens timely submitted oral and written comments on the WLA, SWA and

25   the Notice of Exemption.

26   27.    Plaintiffs have complied with the requirements of Public Resources Code, section

27   21167.5 by providing or mailing written notice of this action to the Defendants.  A copy of this

28   written notice and proof of service are attached as **Exhibit A** to Complaint.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**                    9

1    28.    Plaintiffs have complied with Public Resources Code § 21167.7.  A true and

2 correct copy of the letter transmitting a copy of the Complaint to the Office of the Attorney

3 General is attached hereto as **Exhibit B** and incorporated herein as if fully set forth.

4    29.    Plaintiffs have complied with Public Resources Code section 21167.6 by

5 concurrently filing a request concerning preparation of the record of administrative proceedings

6 relating to this action.

7    30.    Plaintiffs have no plain, speedy or adequate remedy in the course of ordinary law

8 unless this Court grants the requested writ of mandate to require Defendants to set aside their

9 approvals of the Memorandum of Agreement, the WLA and the SWA Projects, and approval of

10 the CEQA exemptions and a Notice of Exemption.  In the absence of such remedy, Defendants'

11 approvals will remain in effect in violation of federal and state law.

12    31.    This action has been brought within 35 days of the City of Weed's filing the

13 Notice of Exemption and the County Clerk's possible posting of the Notice of Exemption as

14 required by Public Resources Code section 21167(d).

15 **VI.    STANDING**

16    32.    Plaintiffs have standing to assert the claims raised in this Complaint because: (a)

17 Plaintiffs are residents of the City of Weed; (b) Plaintiffs' environmental interests are directly

18 and adversely affected by the City of Weed's approval of the WLA and the SWA Projects; and

19 the failure of the City of Weed to require environmental review when it approved CEQA

20 exemptions and filed a Notice of Exemption.

21 **VII.    ARBITRARY AND CAPRICIOUS ACTIONS**

22    33.    Plaintiffs bring this action on the basis, among others, of Government Code

23 Section 800, which awards Plaintiffs' attorneys' fees in actions to overturn agency decisions that

24 are arbitrary and capricious, such as the decisions here in question.

25 **VIII.    ATTORNEYS' FEES**

26    34.    In bringing this action Plaintiffs are not only acting for themselves, but also as a

27 private attorney general, for the benefit of the public seeking that the City's decisions and actions

28 be made only in conformance with the policies and procedures required by law, in having laws

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**                10

1   properly executed, and public duties enforced. Plaintiffs act herein as a private attorney general

2   to compel the City and the other Defendants to follow and enforce state and local laws, and rules

3   and regulations with respect to their decisions and actions in approving the Agreements.  In its

4   capacity as a private attorney general, Plaintiffs are enforcing important rights affecting the

5   public interest and confirming a substantial benefit on the public for which Plaintiffs are entitled

6   to an award of attorneys' fees under § 1021.5 of the Code of Civil Procedure and § 800 of the

7   Government Code.

8   **IX.     INJUNCTIVE RELIEF**

9         35.     Plaintiffs have no adequate remedy at law for these injuries in that monetary

10  damages will be ineffective and virtually impossible to measure.  Plaintiffs therefore ask for the

11  Court to issue an injunction against the City of Weed from approving and implementing the

12  Memorandum of Agreement, the WLA and the SWA Projects, and Notice of Exemption until the

13  City of Weed has complied with all applicable federal and state laws, particularly the California

14  Environmental Quality Act.

15                          **FIRST CLAIM FOR RELIEF**
                            **VIOLATIONS OF CEQA**
16

17        36.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 35,

18  inclusive, of this Complaint, as if fully set forth below.

19        37.     Under CEQA and its implementing Guidelines, the City of Weed may not take

20  any action that may have a significant negative effect on the environment without first subjecting

21  the proposed action to evaluation of the environmental impacts.  CEQA requires the City to

22  evaluate the potential impacts of the Project, to circulate the report for public review and then

23  provide an opportunity for the public to submit comments regarding the proposed action and/or

24  the environmental document.

25        38.     CEQA additionally requires the lead agency to develop mitigation measures and a

26  reasonable range of alternatives to be proposed and adopted to mitigate significant impacts on

27  the environment, for the purpose of reducing those impacts to insignificant levels.

28

1    39.    Only after the City determines that the environmental review is complete, the City

2  may certify the review and approve the WLA and/or the proposed SWA.

3    40.    Defendants committed a prejudicial abuse of discretion and failed to proceed in a

4  manner required by law by preparing no environmental review whatsoever that meets the

5  requirements of CEQA for disclosure, analysis, and/or mitigation of significant project impacts.

6  Instead, and without discussion, the City Council of the City of Weed approved CEQA

7  exemptions on April 14, 2016 for both this WLA and the separate SWA.  As a result, the WLA

8  and the SWA, if it too is later approved, may result in significant environmental impacts that the

9  City of Weed failed to address or adequately mitigate.

10
      A.    **THE WATER LEASE AGREEMENT IS NOT ELIGIBLE FOR CLASS 1 "EXISTING**
11          **FACILITIES" CATEGORICAL EXEMPTION FROM ENVIRONMENTAL REVIEW**

12    41.    Defendants abused their discretion when they improperly found that the WLA and

13  the SWA Projects qualified for a Class 1 categorical exemption from environmental review

14  pursuant to CEQA Guidelines § 15301 for "existing facilities" and approved a categorical

15  exemption and a Notice of Exemption.  The WLA and the SWA Projects as approved are not

16  limited to just "existing facilities," because they also attempt to address the City's need and

17  investigation for new water sources and infrastructure to move water from different springs for

18  the City of Weed.  The City's agreement to search for alternative sources of a large amount of

19  water to supply its citizens may result in significant environmental impacts and does not qualify

20  for a categorical exemption.  During California's ongoing serious drought, the City's

21  commitment to establishing a new water source may result in a "substantial change in demand

22  for municipal services" associated with the drilling of new wells, installing new water pipelines,

23  storage tanks and associated electric power use for pumping that water that is currently gravity

24  fed.  Class 1 categorical exemptions pursuant to CEQA Guidelines § 15301 for existing facilities

25  are not to be used for activities that involve such a major expansion of use or have a reasonable

26  probability of resulting in a significant environmental effect.

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1   **B.     THE STORM WATER AGREEMENT IS NOT ELIGIBLE FOR A "PLANNING**

2   **STUDIES" STATUTORY EXEMPTION FROM ENVIRONMENTAL REVIEW**

3        42.     Defendants also included a proposed SWA between the City of Weed and

4   Roseburg in its approval of CEQA exemptions.  The proposed SWA is also not statutorily

5   exempt from CEQA review as the City Council approved because the SWA does not only

6   require the City to prepare a study, it also requires the City of Weed to begin making physical

7   changes to eliminate or minimize City stormwater flows onto the Roseburg mill site property

8   within three years of this Agreement.  The SWA's proposed requirement obligating the City to

9   begin physical stormwater improvements within three years prevents the City from relying upon

10  this statutory exemption in CEQA Guidelines § 15262, as the City has done, because more than

11  just a planning study is required:

12            A project involving only feasibility or planning studies for possible future
              actions which the agency, board, or commission has not approved,
13            adopted, or funded does not require the preparation of an EIR or Negative
              Declaration but does require consideration of environmental factors.  This
14            section does not apply to the adoption of a plan that will have a legally
              binding effect on later activities.
15

16  CEQA Guidelines § 15262.

17       43.     The City's proposed SWA proposing rerouting stormwater in the vicinity of

18  Roseburg's mill site property, which includes portions of an EPA Superfund Site, may result in

19  significant impacts due to erosion problems, groundwater pollution, increased turbidity or

20  decreased water quality flowing into Beaughan Creek, and/or other environmental problems.

21  The statutory exemption in CEQA Guidelines § 15262 for planning studies is not applicable as

22  claimed by the City of Weed because this SWA would involve more than just feasibility or

23  planning studies.  If only "studies" were involved, then items 5 and 6 listed in the recitals in this

24  SWA would not be necessary.  Those items in the SWA require the City of Weed to begin

25  implementation of stormwater flow changes to include implementing best management practices

26  and initiating the first construction phase of such activities.  Accordingly, the City's approval of

27  a CEQA exemption for the SWA is an abuse of discretion that should be reversed.

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**                    13

C.     **INVOLVEMENT OF A HAZARDOUS WASTE SITE PREVENTS USE OF CATEGORICAL EXEMPTION**

44.     Defendants also abused their discretion when they filed a Notice of Exemption from CEQA environmental review on or about <u>May 19, 2016</u> for the WLA and the SWA Projects, which will affect property designated as a federal EPA Superfund Site.  Roseburg's mill operations in Weed are partially located on such an EPA Superfund Cleanup site.  Roseburg's continued polluted industrial site's groundwater and surface water drainage pose risks to wildlife and aquatic habitat because the site's toxic water drains into Beaughan Creek, a tributary feeding the Shasta and Klamath Rivers.  Roseburg's site is different when it is viewed in the context of similar activities in the area. Most of Weed has no such unusual circumstance of an EPA Superfund hazardous waste site.  Roseburg wants approval of these Agreements to allow it to alter the use and flows of spring water from Beaughan Springs to discharge industrial sewer effluent to the City's sewers and to alter stormwater flows associated with its industrial operations adjacent to the City of Weed.  However, CEQA Guidelines sections 15300.2 (c) and (e) prohibit the use of a categorical exemption under these circumstances of a reasonable possibility of a significant environmental effect due to the "unusual circumstances" of a hazardous waste site where Roseburg's operations are located.

> Hazardous Waste Sites.  A categorical exemption shall not be used for a project located on a site which is included on any list compiled pursuant to Section 65962.5 of the Government Code.

CEQA Guidelines § 15300.2 (e).

45.     The Roseburg site affected by these Agreements is included on a current list of hazardous waste sites identified by the California EPA and compiled pursuant to Section 65962.5 of the Government Code.  The Weed City Council provided no substantial evidence to refute the existence of unusual circumstances so that it might invoke a categorical exemption for these Agreements.  By contrast, the public submitted factual evidence from federal and state agencies to support a fair argument that such "unusual circumstances" do exist to influence these Agreements.  (*See Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086.)

1   Accordingly the City's approval of CEQA exemptions for these Agreements was an abuse of

2   discretion in violation of CEQA Guidelines § 15300.2 (e).  The City Council accordingly failed

3   to adequately disclose, analyze and/or mitigate these Agreements' potential environmental

4   impacts to hydrology and water supply, wastewater treatment facilities, water quality, or impacts

5   to health and safety before approving the separate CEQA exemptions for the WLA and SWA

6   and filing a Notice of Exemption for the WLA AND THE SWA PROJECTS.

7   46.   Defendants' failure to comply with the requirements of CEQA renders the Notice

8   of Exemption inadequate as a matter of law and requires that Defendants' approval of the CEQA

9   exemptions, the Notice of Exemption and approval of the Agreements must be set aside.

10   WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

11   **CLAIM TWO**
12   **VIOLATIONS OF THE CLEAN WATER ACT AND THE APA**

13   47.   Plaintiffs hereby reallege and incorporate each and every allegation set forth

14   above.

15   48.   The CWA, 33 U.S.C. Sections 1251 - 1387, prohibits the conduct alleged above,

16   unless pursuant to the terms of a permit issued under the CWA.

17   49.   Defendants have engaged in the forgoing conduct without a permit in violation of

18   the Clean Water Act.

19   WHEREFORE, Plaintiffs pray for judgment as follows:

20   **PRAYER FOR RELIEF**

21   1.   For a temporary stay, temporary restraining order, and preliminary and permanent

22   injunctions restraining Defendants and their agents, servants, and employees, and all other acting

23   in concert with them on their behalf, from issuing or obtaining any grading, building, or other

24   permits or approvals for, or permitting or undertaking any construction, grading, excavating, or

25   any other action to implement in any way the WLA or even the SWA if later approved or to

26   conduct any further activities pending full compliance with the requirements of CEQA and other

27   applicable laws;

28

2.     Order the City of Weed and City Council to:

(a)     Vacate and set aside its April 14, 2016 approval of the WLA and the SWA Projects on the ground that it violates the California Environmental Quality Act, Public Resources Code section 21000 *et seq.*

(b)     Rescind approvals of CEQA exemptions for the WLA and the SWA and approval of a Notice of Exemption for the WLA;

(c)     Rescind approval of its February 24, 2016 Memorandum of Understanding;

(d)     Prepare adequate environmental review for the Agreements; and

(e)     suspend all activity that could result in any change or alteration to the City's access to water or reduction of water flows or to the physical environment until Defendants have taken such actions as may be necessary to bring its determination, findings or decision regarding the Project into compliance with CEQA;

3.     Retain jurisdiction of this action to ensure compliance with the Court's decree;

4.     Award Plaintiffs' costs associated with this action;

5.     Award of reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, Code of Civil Procedure section 1021.5, or other authority; and

6.     Award such other and further relief as the Court may deem just and proper.

Dated: June 23, 2016         **COTCHETT, PITRE & McCARTHY, LLP**

By:    */s/ Philip L. Gregory*
        **PHILIP L. GREGORY**
        *Attorneys for Plaintiffs*

**VERIFICATION**

I, PHILIP L. GREGORY, do declare:

     1.     I am an attorney at law duly admitted and licensed to practice before all courts of this State.  I have my professional office in the County of San Mateo, at 840 Malcolm Road, Burlingame, California.

     2.     I am an attorney of record for Plaintiffs Weed Area Water Alliance, Dave Pearce, Holly Hansard, and Joe Berry.

     3.     I have read the foregoing Complaint and know its contents.  The matters stated in this Complaint are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.  This Verification is signed by me rather than by any of the Plaintiffs because I have my office in Burlingame in San Mateo County, a different County than where Plaintiffs reside and exist, in Siskiyou County, and are not able to sign the verification.

     I declare under penalty of perjury that the above is true and correct.  Executed this 23rd day of June, 2016, at Burlingame, California.

By:   */s/ Philip L. Gregory*
         **PHILIP L. GREGORY**

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

17